UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JUSTIN NELSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:05-cv-126 |
| | ) |
| v. | ) Honorable Richard Alan Enslen |
| | ) |
| D. PARKHURST, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff Justin Nelson has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his Complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at Lakeland Correctional Facility ("LCF"). In his *pro se* Complaint, he sues Patricia Caruso, Director of the Michigan Department of Corrections ("MDOC"), and the following LCF employees: D. Parkhurst, Nancy Lang and W. Ormes.

Plaintiff claims that he is being denied proper dental care in violation of his Fifth, Eighth and Fourteenth Amendment rights. In 2003, while confined with the MDOC, Plaintiff had

fourteen teeth extracted. Plaintiff was paroled, but returned to the Charles Egeler Correctional Facility after he violated parole. While at the Charles Egeler Facility, Plaintiff was examined by a dentist who recommended that Plaintiff be sent to a regional correctional facility where impressions could be taken and partial dental plates could be made for Plaintiff.

Plaintiff was transferred to LCF in January 2005. Plaintiff immediately began sending kites to the dental department asking for partial dental plates. When he did not receive a response, Plaintiff filed a Step I grievance on April 28, 2005. Defendant Parkhurst responded to the grievance stating that "[Plaintiff's] name was added to the list of those who are waiting for examination. He will be scheduled in turn as time and staffing permit." Plaintiff appealed his grievance to Step II. The Step II Respondent, Defendant Ormes, upheld the Step I response. Plaintiff claims that he appealed to Step III, although he never received a response from Defendant Caruso.

Plaintiff claims that given his lack of teeth, he is unable to eat most food served at the prison. If he does attempt to eat the food, his gums become sore and lacerated. As a result, Plaintiff claims that he is losing weight and becoming malnourished. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages for his pain and suffering.

II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature

of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (effective Dec. 19, 2003) (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement"). A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003). Moreover, in order to properly exhaust under the MDOC's three-step grievance procedure, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4.

As set forth above, Plaintiff filed a grievance concerning his claim and appealed it to Step III. Plaintiff, however, did not name any individuals in his grievance. Because he did not

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

mention any of the named Defendants in his Step I grievance, he failed to exhaust his administrative remedies against them. *See Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). Moreover, Plaintiff's reference to Defendant Parkhurst in his Step II grievance appeal is not sufficient to satisfy the exhaustion requirement. *See Burton*, 321 F.3d at 574 n.4.

It is not clear whether Plaintiff may still grieve his claims against the named Defendants. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d

593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
December 29, 2005  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE